The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| JAMMAL A. O'DELL & CANDY J. O'DELL, | ) |
| | ) CASE NO. 08-60309 |
| Debtors. | ) |
| | ) JUDGE RUSS KENDIG |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

On October 1, 2009, the Chapter 13 Trustee filed a motion to impose sanctions on the debtors' former attorney, Edward Clark Corley. Mr. Corley responded on October 23, 2009, and an evidentiary hearing was held on January 28, 2010. At the hearing, Robert P. Harbert appeared for the Chapter 13 Trustee, Toby L. Rosen, and Mr. Corley represented himself. Debtors' current counsel, Douglas Thrush, also attended the hearing. This matter is now before the Court for decision.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTUAL BACKROUND

The Trustee makes two allegations in her motion. First, she alleges that Mr. Corley has misrepresented the amount of fees he received from the debtors. The Form 2016 filed by Mr. Corley with the debtors' petition indicates that he received $200 in fees before filing the case and that he would receive $1,300 in fees from the Trustee after filing the case. Mr. Corley admits that the debtors paid him $499 before the case was filed and $350 after the case was filed. He also admits that the Trustee paid him $1,300. Taking into account the Chapter 13 filing fee of $274, Mr. Corley overcharged the debtors $25 before the case was filed and $350 after the case was filed for a total of $375. At no time did Mr. Corley file an amended Form 2016. Mr. Corley remitted the overpayment to the Trustee, but only after the Trustee filed the motion for sanctions. In his defense, Mr. Corley claims that he was confused by the Chapter 13 process because he had only filed two Chapter 13 petitions in the past five years.

Second, the Trustee alleges that Mr. Corley withdrew from the case without giving the Court notice as required by Administrative Order 08-05. In support of this allegation, the Trustee asserts that Mr. Corley did not return numerous phone calls made by the debtors. Mr. Corley responds that he did not withdraw and that he always returned the debtors' phone calls by the next business day. At hearing, both parties testified that the attorney-client relationship was strained, at least in part, because of incidents relating to debtor Candy O'Dell's former employment as a paralegal with Mr. Corley's brother.

## LEGAL BACKGROUND ON SANCTIONS

On May 6, 2008, the Court issued Administrative Order 08-05 regarding the allowance of attorney fees in Chapter 13 cases. Section 11 of this Order states that "the Chapter 13 Trustee is encouraged to comment on fees for attorneys engaging in action or inaction resulting in delay, unnecessary work, abuse of process, failing to provide complete, competent or timely representation, or other such matters as appropriate." This language reflects the Court's desire to encourage attorneys to provide competent representation for their clients by deterring lazy, substandard or abusive practices.

The Court has the power to reduce attorney fees under 11 U.S.C. § 329, which provides that "if [attorney] compensation exceeds the reasonable value of . . . services, the Court may . . . order the return of any such payment to the extent excessive . . . ." The debtor's attorney bears the burden of justifying his fee request. In re Williams, 357 B.R. 434, 439 (B.A.P. 6th Cir. 2007).

The Court also may issue sanctions under Federal Rule of Bankruptcy Procedure 9011. Rule 9011 provides in pertinent part:

> By presenting to the court . . . a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support or, if specifically so

identified, are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. . . .

Under Rule 9011, the burden of proof is on the moving party to show that sanctions are warranted. In re Squillante, 259 B.R. 548, 552 (Bankr. D. Conn. 2001); In re Weaver, 307 B.R. 834, 841 (Bankr. S.D. Miss. 2002).

Finally, the Court may issue sanctions under its inherent powers. The Court has the "inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991). The Court's inherent power to issue sanctions extends to the full range of litigation abuses. First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 516–17 (6th Cir. 2002) (*quoting* Chambers, 501 U.S. at 46).

## ANALYSIS

The Court finds that Mr. Corley should be sanctioned for providing incorrect information on the Form 2016 filed with the debtors' petition. At the time of filing, the debtors' Form 2016 was inaccurate by $25. Subsequently, Mr. Corley accepted another $350 from the debtors, but did not file an amended Form 2016. Thus, Mr. Corley filed a written document with the Court that contains factual contentions without evidentiary support in violation of Rule 9011.

The Court does not accept Mr. Corley's assertion that he was unfamiliar with the Chapter 13 process. Rule 9011 requires "a reasonable inquiry under the circumstances . . . ." If Mr. Corley had conducted such an inquiry, he would have been able to file an accurate Form 2016. Furthermore, if Mr. Corley's office had implemented an organized accounting system as required by Ohio Rule of Professional Conduct 1.15, Mr. Corley would have immediately noticed the overpayment. Counsel may not avoid sanctions under the "guise of pure heart and empty head." Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994).

On the other hand, the Court finds that the Trustee has not met her burden of demonstrating that Mr. Corley withdrew from the debtors' case without filing notice with the Court. It is not clear when or how either party formally ended the attorney-client relationship. It is a finger-pointing contest with no additional evidence to carry the burden of proof. Additionally, the obvious ill will renders both parties' accusations questionable.

The Court must now determine appropriate sanctions. By making misstatements on Form 2016, Mr. Corley fell short of his duties of diligence, competence, and truthfulness as an attorney under Ohio Rules of Professional Conduct 1.1, 1.3 and 3.3. In addition, these misstatements have undermined the Court's ability to monitor attorney fees under section 329. Finally, the Court notes that by taking postpetition payments, Mr. Corley violated 11 U.S.C. § 1327 and the terms of the debtors' plan. Section 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor . . . ." *See* Matter of Clark, 207 B.R. 559, 563 (Bankr. S.D. Ohio 1997) ("It is the very essence of a chapter 13 case that the debtors' future income, except what has been

determined to be necessary for the support of the debtor or the debtors' dependents must be committed to the execution of debtors' plan.") (citations omitted). In this case, debtors' confirmed plan called for Mr. Corley to be paid a total of $1500, $1300 of which was to be paid through the plan. Thus, Mr. Corley violated the terms of his own clients' plan when he accepted an overpayment of $375.

However, the Court notes mitigating factors. Mr. Corley refunded the excess payments after the Trustee filed her motion. Mr. Corley also appeared at the hearing for sanctions and was cooperative with the Court. Finally, this is the first motion for sanctions filed against Mr. Corley in this Court. Taking into account similar cases, the Court now sanctions Mr. Corley in the amount of $350.

Finally, the Court must determine whether the sanction should be paid into the plan or to the United States Treasury. The Court notes that Mr. Corley provided the debtor with most of the services included in the no-look fee of $1,500 under Administrative Memorandum 08-05, and that these efforts culminated in the confirmation of the debtors' plan. See In re Grubb, 2009 WL 4906857, *3 (Bankr. E.D. Va. 2009) (noting that a "no look" fee covers the services needed to get a plan to confirmation). Thus, the sanction shall be payable to the United States Treasury.

An order will be issued simultaneously with this opinion.

\#   \#   \#

**SERVICE LIST:**

Jamaal A. O'Dell
40 Oxford Ave
Mansfield, OH 44905

Candy J. O'Dell
40 Oxford Ave
Mansfield, OH 44905

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Josiah L Mason
Canton
153 W Main St
PO Box 345
Ashland, OH 44805-2219

Douglas L Thrush
13 Park Ave W
#314
Mansfield, OH 44902-1714

Robert P. Harbert
Charter One Bank Building
400 W. Tuscarawas St., 4th Floor
Canton, OH 44702

Edward Corley
3 N. Main St.
#714
Mansfield, OH 44902